## SOUTHERN RAILWAY COMPANY v. BROWN.

BECK, J. Where an action sounding in tort was brought against the Southern Railway Company, on the ground that the defendant had sold to the plaintiff a through ticket from Dalton, Georgia, to Meadow View, Virginia, that she traveled on the train as far as Bristol, Tennessee, from which point she proceeded by the Norfolk & Western Railway, but after leaving that point was informed by the conductor that the train on which she was traveling did not stop at Meadow View, and that she was wrongfully ejected at Abington, a point reached before arriving at her destination; and where it appeared from the pleadings and the evidence of the plaintiff that the Southern Railway ended at Bristol, and from that point she traveled by the Norfolk & Western Railway, and that the car in which she traveled, though carried through, was under the control of the conductor and train crew of the Norfolk & Western Railway Company after leaving Bristol, and if any tort was committed it was by the conductor of the latter company; and where there is nothing in the record to show that the Southern Railway Company was liable for a tort committed by the Norfolk & Western Railway Company, a verdict for damages against the Southern Railway Company is without evidence to support it.

(a) One ground of exception taken being that the verdict was not supported by the evidence, without determining whether or not a tort was committed by the Norfolk & Western Railway Company or its employees, this court can not assume that, if such were the fact, the Southern Railway Company was liable in damages therefor.

(b) In *Georgia Southern & Florida Railway Company* v. *Pearson*, 120 *Ga.* 284 (47 S. E. 904), the only question for determination by this court was one of jurisdiction. The defendant sold a ticket from Cordele, in Dooly county, to Charleston, S. C., and return. The ticket was unstamped, and the plaintiff was ejected in another county by the conductor of a connecting railroad, and brought suit therefor against the company selling the ticket in a third county, where the principal office of the defendant was located. It had no agent in the county where the ejection occurred. The question of jurisdiction was raised by demurrer. If the action was one based on contract, there was no doubt as to the jurisdiction. If it was one based on the tort of wrongfully ejecting the plaintiff, there being no agent of the defendant in the county where it occurred, the suit could be brought where the principal office of the defendant was located. Civil Code, § 2798. So that the decision was right, whether the action sounded in tort or contract. In the opinion some broad language was used as to the right of recovery, but the sole question involved was that of jurisdiction of the suit. None of the other cases relied on by the defendant in error, properly considered in connection with the facts therein involved and the form of action employed, are in conflict with what is here ruled.

*Judgment reversed. All the Justices concur.*

FEBRUARY 26, 1913. REHEARING DENIED MARCH 1, 1913.

Action for damages. Before Judge Fite. Whitfield superior court, November 24, 1911.

*Maddox, McCamy & Shumate* and *George G. Glenn,* for plaintiff
in error.  *W. C. Martin* and *W. E. Mann,* contra.